```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

BURTON COSSE                                    CIVIL ACTION

VERSUS                                          NO. 06-9302

WASHINGTON MUTUAL BANK, FA,                     SECTION B
ITS SUCCESSORS AND/OR ASSIGNS,
STATE FARM FIRE AND CASUALTY COMPANY,           MAGISTRATE 5
JIMMY GAILE, XYZ INSURANCE COMPANY
```

## ORDER AND REASONS

Before the Court is Defendant Washington Mutual Bank's Motion for Summary Judgment (Rec. Doc. No. 20). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is hereby **DENIED**.

### *BACKGROUND*

Plaintiff Burton Cosse secured a promissory note from the Defendant on February 2, 2004 in order to purchase property located at 725 B St. Bernard Highway, Braithwaite, Louisiana 70040. As part of the mortgage, Plaintiff executed the "Insurance and Escrow Impound Account Requirements" of the mortgage. The escrow agreement established that Washington Mutual requires minimum insurance coverage to protect the bank's investment in property. Further, this requirement authorized Washington Mutual ti escrow funds, as part of the monthly loan payments, to meet the insurance obligation. The agreement

1

required Plaintiff to own flood insurance if the property was in a "Special Flood Hazard Area."  Plaintiff's property was determined to not lie in a "special flood hazard area," by LERETA, a corporation hired by the Defendant.  As such, Plaintiff was not required to purchase flood insurance.

At the closing of the mortgage, Plaintiff was given a "Good Faith Estimate" of settlement costs.  This document indicated that funds were being impounded for hazard insurance.

On July 11, 2002 the Defendant sent the Plaintiff a letter stating that his property was no longer in a "special flood hazard zone" and that Plaintiff would no longer be required to carry flood insurance.  Sometime in the early summer of 2005 Plaintiff received a letter from his insurance company, State Farm Fire and Casualty Company, that Plaintiff's flood insurance policy would be canceled on July 11, 2005, due to non-payment.  Plaintiff then e-mailed the Defendant inquiring into the letter he received from State Farm.  Defendant responded stating that they had paid the hazard insurance out of the escrow account.

During Hurricane Katrina the Plaintiff's property was seriously damaged  and he attempted to make a claim on his flood insurance policy.  However, State Farm informed him that his policy had lapsed due to non-payment.

Defendant contends that summary judgment is proper because 1) they did not have a contractual or legal duty to maintain any

type of insurance for the Plaintiff; 2) they had no duty to notify the Plaintiff about his flood insurance renewal date; and 3) they are not an insurer, thus it is impossible, as a matter of law, for them to violate the Louisiana Insurance Code.

Defendant argues that there is no duty, contract or tort, to maintain flood insurance on the property or to notify Plaintiff of any lack in coverage. Defendant goes on to state that while they did escrow money for insurance it was only for the hazard insurance.

Finally, Defendant contends that they are not an insurer under the Louisiana Insurance Code and thus cannot be held liable under it.

In the original complaint, Plaintiff alleges that his insurance policies lapsed because the Defendant failed to pay the premiums for the policies out of the escrowed monies for the same amount out of Plaintiff's mortgage note.

Further, upon his receipt of a letter from State Farm informing him that his policy had been cancelled for nonpayment he sent an electronic mail message to Defendant. In his message to Defendant, Plaintiff provided his insurance policy number and expressed his concern that it was not being paid. Defendant responded saying that $907.00 had been paid out of the escrow to the hazard insurance account. Plaintiff further contends that the hazard insurance premium is $721.08, and if the Defendant is

claiming to have paid out $907.00, that leaves $185.92 unaccounted. Further the flood insurance policy states that the premium is to be paid by the mortgagee.

As such Plaintiff contends that it was reasonable for him to rely to his detriment that the extra money being escrowed to State Farm was for flood insurance premiums. Plaintiff contends his reliance, is an issue of material fact that would preclude summary judgment at this time.

## DISCUSSION

**A.   Standard for Summary Judgment**

Summary Judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327(1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248(1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Associates of North Texas,* 139 F.3d 532,

536 (5th Cir. 1998).  The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.  *Id.*  Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.  *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

    **B.   Presumption of Defendant as Insurer**

In Defendants' response to Plaintiff's opposition motion, they note that because of Plaintiff's failure to respond the argument that the Defendant is not an insurer under the Louisiana Insurance Code, the argument is waived.  This is a misstatement of the law, because Plaintiff's failure to respond does not equate automatic summary judgment. *John v. Louisiana (Board of Trustees for State Colleges and Universities)*, 757 F.2d 698, 707 (5th Cir. 1985).  However, Plaintiff's failure to respond does allow this court to presume that the facts presented in Defendant's opposition motion are undisputed.  *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).  As such, there does not seem to be any contention that Defendant is an insurer under the Louisiana Insurance Code.

    **C. Defendant's Contractual Duty to Pay Insurance Premiums**

In order to determine if a duty for the Defendant exists the court must examine the mortgage agreement between Plaintiff and Defendant.  *Bank of N.Y. v. Williams*, 796 So. 2d 69, 77 (La.

App.4 Cir. 8/22/01). Further, a lender's duties and rights can only be fully determined by examining the mortgage agreement. *Id*. While the authority cited by the movant is not binding, it is persuasive, and it is also poignant. In addition, and as suggested by case law, a review of the mortgage agreement reveals that there is no provision that would require the defendant to maintain insurance on the plaintiff's property. However, Plaintiff has produced his insurance records that show that the defendant was paying for the premiums on his flood insurance.

The Louisiana Second Circuit has held that there is no duty of a lender to insure the property. *See Oliver v. Cent. Bank*, 658 So. 2d 1316, 1326 (La.App.2 Cir. 5/10/95). Further, other states have held that in the absence of a specific provision in the mortgage agreement the lender has no duty to maintain insurance on the property. *Beckford v. Empire Mut. Ins. Gr.*, 525 N.Y.S.2d 260, 263 (N.Y. App. Div. 1988); *Schafer v. Jackson*, 135 N.W. 622 (Iowa 1912); 3 Couch, Insurance 2d 25:85 at 431 [rev ed. 1984; Real Property Law § 254.

Plaintiff's claim is, in part, based upon detrimental reliance. Despite the Defendant's claims that they ceased to pay his flood insurance premiums, and were only paying the hazard insurance premiums, the amount of money escrowed remained $907.00. The hazard insurance premium was only $721.08, and as such $185.92 are unaccounted for. Further, he notes that

6

in Defendant's reply e-mail to his inquires about his lapsed insurance they stated that they were still paying $907.00 towards insurance. An insurance renewal policy noted that the premiums are to be paid by the mortgagee. As such, Plaintiff claims that he reasonably relied to his detriment that the extra money being escrowed to State Farm Fire and Casualty Company was for his flood insurance

Given the above analysis, there appear to be material facts in dispute, and as such Defendant's Motion for Summary Judgment must be **DENIED.**

New Orleans, Louisiana, this 16th day of November, 2007.

_____
IVAN L. R. LEMELLE
UNITED STATES DISTRICT COURT